AO 91 (Rev. 12/93) Criminal Complaint

# In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

LEVAN MORALES,

Defendant

Criminal Complaint

CASE NUMBER: 08- 105M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about June 13, 2008, in the District of Delaware, Defendant did:

knowingly possess in and affecting interstate commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, in violation of Title 18 United States Code, Section(s) 922(g)(1) and 924(a)(2).

I further state that I am sworn as a Special Deputy U.S. Marshal and am assigned to the ATF and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:  Yes

David C. Rosenblum
Special Deputy U.S. Marshal assigned to the ATF

Sworn to before me and subscribed in my presence,

June 13, 2008                                    at  Wilmington, DE
Date                                                    City and State

The Honorable Sydney Clark
Justice of the Peace Magistrate
Justice of the Peace Court 20
Name & Title of Judicial Officer                 Signature of Judicial Officer

AFFIDAVIT OF PROBABLE CAUSE: ATF Task Force Officer and Special Deputy U.S Marshal David C. Rosenblum

Your Affiant Detective David C. Rosenblum has been a Wilmington Police Officer for approximately 10 years and is currently assigned as a Task Force Officer (TFO) with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), whose duties include the investigation into firearms offenses committed in Wilmington, Delaware. Your Affiant has been authorized to seek and execute arrest and search warrants supporting a federal task force through Deputization by the United States Marshal's Service. During this Officer's employment as a Law Enforcement Officer, Your Affiant has authored in excess of 400 felony arrests warrants for crimes, some of which involved illegal narcotics and firearms. Prior to Your Affiant's current assignment, this Officer was assigned to the Wilmington Police Drug, Organized Crime, and Vice Division, Operation Safe Streets Task Force where Your Affiant has conducted over an estimated 1000 investigations into illegal narcotics and/ or firearms offenses whereby, this Officer seized numerous weapons along with large amounts of narcotics and suspected drug proceeds. During Your Affiant's tenure as a Law Enforcement Officer, Your Affiant has received over 275 days of training from the DOJ, FBI, ATF, DEA, DSP, WPD, DOC, Royal Canadian Mounted Police, North East Counter Drug Training, Homeland Security, California Highway Patrol and other law enforcement agencies. Your Affiant has been qualified in Delaware Superior Court and Federal Court, District of Delaware to provide expert testimony on the intent to distribute controlled substances and has testified as an expert in approximately 15 felony drug trials. During the course of previous investigations, Your Affiant has had conversations with federal agents and law enforcement officers with knowledge and/ or expertise in firearms offenses dealing with interstate nexus of firearms crossing state lines thereby affecting interstate commerce.

1. Unless otherwise stated, the information in this affidavit is based upon Your Affiant's personal knowledge and conversations with other Wilmington Police Officers. Because this affidavit is solely for establishing probable cause, not all facts related to this investigation are included herein.

2. The events stated below occurred on or about 13 June 2008, in the City of Wilmington, State and District of Delaware, as stated to me by at least two Wilmington Police Officers.

3. On 13 June 2008, WPD Drug, Organized Crime, and Vice (DOCV) Officers were operating in the Riverside area and observed a vehicle parked in a manner blocking the normal flow of traffic in the middle of the street. A rear seat passenger was observed exiting the vehicle at which time one of the DOCV officers was in a vehicle stopped at the same intersection in close proximity to the vehicle. The officer reported to Your Affiant as the male later identified as the defendant (LEVAN MORALES) exited the vehicle, he was holding his hand against the front of his waistband in an unnatural manner. The Officer reported that through his extensive training and experience he believed the male to be securing a weapon in his waistband. The officer who was clearly displaying police insignia exited his vehicle and upon approaching the defendant requested the defendant to show his hands for officer safety. Upon hearing the request, the defendant quickly turned his back toward the officer and hunched his back and bent over slightly in an unnatural position. The defendant then appeared to be retrieving the item from his waistband. The officer, in fear for his own safety deployed his departmental tazer causing the defendant to fall to the ground. The defendant was taken into custody and found to possess a loaded firearm tucked into his waistband where he was reaching.

4. Your Affiant physically inspected the weapon which was found to be a KELTEC CNC Inc. model P11, 9 millimeter luger manufactured in Cocoa, FL. The firearm displayed serial number 13782 and contained seven 9 millimeter rounds in the magazine.

5. Your Affiant reviewed the Delaware Justice Information System Database (DELJIS) and verified that MORALES has 4 previous felony conviction in the New Castle County Superior Court for the following charges: on or about 7/6/2006, Possession of a Narcotic Schedule 1 Controlled Substance within 1000 feet of a school; on or about 2/10/2004, Distribution, Delivery, or Possession of a Controlled Substance within 300 feet of a Park; on or about 2/24/2003, Possession with Intent to Deliver a Narcotic Schedule I Controlled Substance; and on or about 2/24/2003, Juvenile in Possession of a Deadly Weapon (handgun). Your Affiant knows each of these convictions has a possible penalty of incarceration of more then one year.

6. After physically inspecting the weapon and from my training and experience, and after discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, Your Affiant believes that the above described weapon is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate commerce.



Wherefore, based upon Your Affiant's training and experience, Your Affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. §§ 922(g)(1) and 924(a)(2), by knowingly possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and respectfully requests that the Court issue a Criminal Complaint charging this offense.

_____
David C. Rosenblum
Task Force Officer, ATF
Special Deputy U.S. Marshal

Sworn to and subscribed in my presence
this 14 day of June, 2008

_____
The Honorable Sydney Clark
Justice of the Peace Magistrate Judge
Justice of the Peace Court 20