AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

UNITED STATES OF AMERICA
V.
Levan Morales
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  08-105M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- (1) There is probable cause to believe that the defendant has committed an offense
  - for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
JUN 2 7 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   X a preponderance of the evidence: As a result of a preliminary hearing, probable cause to support the charge of felon in possession of a firearm was found before the detention hearing. The court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community because:

**Nature of the Offense:** The charge falls within the more serious offense which is eligible to show danger.

**Strength of the evidence:** As noted previously probable cause was found. The evidence showed that when defendant was in a vehicle, he was observed holding his waist area and his hands were in an unnatural position. He was asked by officers to show his hands and when so requested, defendant turned his back to the officer, hunched over and awkwardly bent over appearing to be retrieving something from the waist area. This resulted in the defendant being tazed which caused him to fall to the ground. Defendant was taken into custody and on him was a loaded firearm tucked in the waistband. The evidence further shows that defendant has 4 prior felony conviction: 7/6/06 possession of narcotic controlled substance within 1000 feet of a school; 2/10/04 distribution/delivery/possession of a controlled substance within 300 feet of a park; 2/24/03 possession with intent to deliver and 2/24/03 possession of a deadly weapon (handgun as a juvenile). Therefore all the elements for the offense are supported and the evidence as presented against the defendant is substantial.

**History and Characteristics of defendant:** for each of the offense mentioned above, defendant has been found in VOP on more than one occassion. For the 2/24/04 conviction defendant was found in VOP on 4 occasions and discharged as unimproved in 2004. He was convicted of receiving stolen property in October 2003 and found in violation for that offense twice, the last time in May 2006. For the February 10, 2004 offense, an administrative warrant for VOP and committed in default of bail occurred. For the July 2006 drug conviction, prior to the conviction 2 capiases were issued for FTA. After his sentencing, defendant was found in VOP in November 2007. He also has 4 different sets of numerous charged pending in state court for arrests on Mary 17, 2008 for receiving stolen property (over $1000), possession, purchase, owning or controlling firearm ammo by a person prohibted for which he was arrested on April 5, 2008; an arrest on April 26, 2008 which charges include possession of a narcotic controlled substance, poss., distribution or delivery within 300 feet of a park and delivery of a narcotic controlled substance; and an arrest on April 27, 2008, for conspiracy 3d, loitering for drug activity, possession of a narcotic controlled substance, delivery distribution or possession of a controlled substance within 300 feet of a park and possession with intent to deliver.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| June 26, 2008 | |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).